# CBA

**CONNECTICUT BAR ASSOCIATION**

October 20, 1997

## INFORMAL OPINION 97-23
### COMMUNICATIONS WITH REPRESENTED PERSON

The committee is asked for an opinion on the ethical propriety of direct communications between a person employed as a counselor/investigator for an organization, who is a member of the Connecticut bar, with a party known to be represented by counsel, concerning a matter in which he is being so represented.

You have advised the committee that you are employed by the U.S. Postal Service as an "Equal Employment Opportunity, Counselor/Investigator." Although a member of the Connecticut Bar, you are not employed to represent the U.S. Postal Service, or be their legal counselor, which functions are fulfilled by a separate and distinct law department.

Counseling complainants and investigation of their claims are governed by federal regulations and management directives and are a mandatory step in making a complaint of discrimination. The purpose of these meetings is to educate and to explore the possibility of formulating mutually agreed to resolutions.

Pursuant to management directive, the counselor/investigator is required to send directly to the complainant, any correspondence sent to the complainant's attorney, whether the attorney agrees or not. Additionally, the counselor/investigator, by management direction, is instructed to interview or counsel a complainant, without first obtaining the attorney's permission, when presented with the opportunity.

Rule 4.2 of the Rules of Professional Conduct provides:

> Rule 4.2. Communication with Person Represented by Counsel. In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

In the context of said rule, you have posed the following questions:

(1) Does Rule 4.2, as adapted by the Connecticut bar, prohibiting an attorney from communicating directly with persons known to be represented by counsel (or any other rule), apply to a federal sector employee charged with counseling and investigating discrimination complaints, who also happens to be an attorney?

(2) If so, must the counselor/investigator who also happens to be an attorney end discussions with the complainant immediately upon being informed the complainant is, or intends to be, represented by an attorney?

C97-23

(3) Must the attorney-counselor/investigator inform the complainant he is an attorney immediately upon being informed the complainant is, or intends to be, represented by an attorney?

(4) And, may the attorney-counselor/investigator send copies of letters sent to the complainant's attorney directly to the complainant without the attorney's permission?

Preliminarily, there is no suggestion in your inquiry that the management directives referred to above originate from the law department which represents the U.S. Postal Service. The prohibition of Rule 4.2 extends to a lawyer's conduct in causing another, such as a counselor/investigator, to make the direct contact with the represented person. *See*, Wolfram, *Modern Legal Ethics*, (1986), Section 11.6.2, p.612, and cases cited therein.

The rule is specific in applying only to a lawyer "representing a client." You have made clear that your job function does not include this function, and said function is served by the law department of the U.S. Postal Service. In *U.S. v. Lopez*, 4 F.3d 1455, 1459 (9th Cir. 1993), the court noted that:

> The rule against communicating with a represented party without the consent of that party's counsel shields a party's substantive interests against encroachment *by opposing counsel* and safeguards the relationship between the party and her attorney. (emphasis supplied).

Based upon the specific language of the rule and its purpose, it is the committee's opinion that the rule does not apply to a counselor/investigator in these circumstances, who happens to be an attorney, but at no time is acting as an attorney representing a client. Accordingly, the answer to Questions #1 and #2 is no, and the answer to Question #4 is yes.

As to Question #3, there is no requirement in the Rules of Professional Conduct that a counselor/investigator disclose to the complainant that he or she happens to be an attorney. Rule 4.3 would apply if the counselor/investigator was a lawyer representing a client.

97-23

## Antonio Ponvert

**To:** Beizer, Matthew B.
**Subject:** RE: Ziemba

Dear Matt,

I intend to file a Rule 26(c) motion for protective order today. If you intend to "proceed with the scheduling of the exam" before the Court has had an opportunity to rule on that motion, please notify me right away.

Antonio

-----Original Message-----
**From:** Beizer, Matthew B. [mailto:Matthew.Beizer@po.state.ct.us]
**Sent:** Tuesday, February 03, 2004 10:20 AM
**To:** aponvert@koskoff.com
**Cc:** Jim Nugent (E-mail); Michelle Holmes (E-mail)
**Subject:** RE: Ziemba

The rule is that absent a showing of good cause, and a court order, plaintiff's attorney should not be permitted to attend an exam. You have neither. Accordingly, I will proceed with the scheduling of the exam.

**From:** Antonio Ponvert [mailto:aponvert@koskoff.com]
**Sent:** Monday, February 02, 2004 11:59 AM
**To:** Beizer, Matthew B.
**Cc:** 'Jim Nugent (E-mail)'; Michelle Holmes (E-mail)
**Subject:** RE: Ziemba

Dear Matt,

The State courts permit the attendance of lawyers in virtually all cases. The Federal Courts permit the attendance of lawyers and other third parties when the circumstances require it. See, e.g., Vreeland v. Godfrey, 151 F.R.D. 551(S.D.N.Y 1993)("There is a legitimate purpose to be served by the presence of the attorney [at a psychological examination]. The attorney can observe and take notes of the procedures followed, in order to have that information available for cross-examination.... The presence of an attorney is more likely to produce a higher quality of justice and fairness in the ensuing trial and permit more cogent cross-examination of the expert."); Zabkowicz v. The West Bend Co., 585 F. Supp. 635 (E.D. Wis. 1984) ("There are numerous advantages ... which the defendants might unfairly derive from an unsupervised [psychological] examination."). See also Model Rule 4.2, which prohibits communication with a represented person by an attorney or the attorney's agent.

In the circumstances of this case, where the defendants seek to have an "independent" medical examination conducted by employees of the Department of Correction, who are also, incredibly, Mr. Ziemba's treating psychiatrist and that person's supervisor, there is more than ample need for supervision and observation.

I am copying Michelle Holmes on this email, as I would guess that she, too, may have an interest in observing this "independent" examination.

Antonio

02/03/04

-----Original Message-----
**From:** Beizer, Matthew B. [mailto:Matthew.Beizer@po.state.ct.us]
**Sent:** Monday, February 02, 2004 8:34 AM
**To:** aponvert@koskoff.com
**Cc:** Jim Nugent (E-mail)
**Subject:** RE: Ziemba

> What makes you think you and/or Jim have the right to attend ?
> While I have not personally encountered this scenario, the case law I have read -- actually cited by you, incorrectly, for a different proposition -- suggests that the presence of attorneys is not permitted as it taints the process.

**From:** Antonio Ponvert [mailto:aponvert@koskoff.com]
**Sent:** Friday, January 30, 2004 3:41 PM
**To:** Beizer, Matthew B.
**Cc:** Jim Nugent (E-mail)
**Subject:** Ziemba

Dear Matt,

If you intend to schedule am IME for Mr. Ziemba, kindly give Jim and me as much advance notice as possible. We will want to attend and observe.

I am not available on the following dates: February 5-11; Feb. 13 after 12 noon; and Feb. 16-18.

Thank you,

Antonio

02/03/04

**CERTIFICATION**

This is to certify that a copy of the Motion and Memorandum for Protective Order has been sent by facsimile and U.S. mail, postage prepaid, on this 3rd day of February, 2004, to all counsel as follows:

Peregrine Alban Zinn-Rowthorn
Matthew B. Beizer
Neil Parille
Attorney General's Office
110 Sherman Street
Hartford, CT  06105

Elliot B. Spector
Michelle Holmes
Sack, Spector & Karsten
836 Farmington Avenue
West Hartford, CT  06119

_____
Antonio Ponvert III