United States District Court
District of Connecticut

FILED
2008 AUG 25 P 3:08

Duane Zjemba
    Plaintiff,

vs.

Sebastian Mangiafico
    Defendant.

Civil No. 3:98 CV 2344 (JCH)

August 21, 2008

## Plaintiff's Motion For An Order For Weekly Installment Payments

The plaintiff hereby respectfully moves this honorable Court -- pursuant to Fed.R.Civ.P., Rule 69(a) and Conn. Gen. Stat. § 52-356 d., for an order of weekly installment payments of $350.00 per week by defendant Mangiafico. In support of this motion the plaintiff represents the following facts:

1. On May 24, 2006, herein this honorable Court, the plaintiff did obtain a judgment in the above captioned case, in his favor against defendant Mangiafico. For the sum of Two Hundred Fifty Thousand Dollars ($250,000.00), plus costs, plus attorney fees of $124,592.26, and lawful interest

thereon, for the total amount due thereon of $403,213.16. Which judgment, costs, attorney fees and interest remain unsatified. To secure this said valid and binding sum, and in order to ensure that the judgment is paid, the plaintiff moves for the reasonable weekly installment payments of $350,00 per week by defendant Mangiafico.

2. Please let the record clearly reflect, that back in July 2008, plaintiff was represented by attorney Noble. By joint motion dated July 3, 2008 attorney Noble and defendant Mangiafico's attorney Elliot B. Spector, filed a Stipulation for weekly payments of $40.00 by defendant Mangiafico. The plaintiff unequivocally did not know of this travesty of a motion, never agreed to it, and did not authorize for it to be filed in his behalf. When the plaintiff became aware of this unjustified Stipulation, attorney Noble in writing stated that: "He did not agree to the Stipulation, he was on vacation, and Mangiafico's attorney's paralegal filed the document with the Court."
With emphasis: the total of $173,33 was collected, and back in July defendant Mangiafico stopped all payments.

3. Attached hereto are defendant Mangiafico's responses to interrogatories signed by him on April 1, 2008 -- which show defendant Mangiafico's -- the judgment debtor's financial circumstances. Defendant Mangiafico, with actual intent to deceive the Court and to fraudulently hinder, delay and defraud the creditor -- the plaintiff of the valid judgment, he was dishonest in his interrogatory responses page 10 at 12. Taxes. Incredibly he stated for automobile taxes (one 2003 Dodge Dakota truck) he pays out <u>a month</u> $600.00. See attached interrogatory responses.

4. $403,213.16 is the money judgment owed herein this case by defendant Mangiafico. It is well established law that: "the Court may order installment payments reasonaby calculated to facilitate payment of the judgment." Conn. Gen. Stat. § 52-356d. And the amount shall be set by the judge. Furthermore, federal courts may override state law if necessary in order to ensure that the judgment is paid. <u>See Hankins v. Finnell</u>, 964 F.2d at 859-61; <u>Spain v. Mountanos</u>, 690 F.2d 742, 745-47 (9th Cir. 1982); <u>Collins v. Thomas</u>, 649 F.2d 1203, 1205-06 (5th Cir. 1981), cert. denied sub nom. <u>Dallas County, Tex. v. Collins</u>, 456 U.S. 936 (1982).

Wherefore, for all the foregoing reasons, and in the interest to the administration of the penal system and justice, an order should be issued for weekly installment payments of $350.00 per week by defendant Mangiafico.

Respectfully Submitted
The Plaintiff *Duane Ziemba*
Duane Ziemba #128963
Northern C.I.
P.O. Box 665
Somers, CT. 06071

## Certification

I hereby certify that a copy of the foregoing was mailed on this 21st. day of August 2008 to the following:

Elliot B. Spector, Esq,
Noble, Spector and O'Conner
One Congress Street
Hartford, CT. 06114

| POST JUDGMENT REMEDIES INTERROGATORIES | STATE OF CONNECTICUT SUPERIOR COURT | |
|---|---|---|
| JD-CV-23 Rev 4-05 Gen. Stat. §§ 52-321a, 52-351b, 52-352b, 52-361a, 52-361b, 52-400a, 52-400c | www.jud.ct.gov |  COURT USE ONLY POSTJRI |

FORM JD-CV-23a MUST BE ATTACHED TO THIS FORM

| ☐ Judicial District | ☐ Housing Session | ☐ G.A. No. ____ AT | U.S. Dist. Ct. for the Dist. of Conn. | DOCKET NO. 3:98 CV2344 (JCH) |
|---|---|---|---|---|

**ADDRESS OF COURT** (No., street, town, and zip code)
915 Lafayette Boulevard, Bridgeport, CT 06604

| DATE OF JUDGMENT 05/24/2006 | ORIGINAL AMOUNT OF JUDGMENT $250,000 plus atty. fees of $124,592.26 | AMOUNT DUE THEREON $403,213.16 |
|---|---|---|
| NAME OF JUDGMENT CREDITOR Duane Ziemba | OF (Street and town) 274 Plaza Drive, Middletown, CT 06457 | |
| NAME OF JUDGMENT DEBTOR Sebastian Mangiafico | OF (Street and town) 20 Stony Lane, Stafford, CT 06076 | |

NAME AND ADDRESS OF PERSON BELIEVED TO HAVE ASSETS OF JUDGMENT DEBTOR (If applicable)

| DATE OF SERVICE OF INTERROGATORIES 12/06/2007 | NAME AND ADDRESS OF PERSON TO WHOM INTERROGATORIES SHALL BE RETURNED Edward S. Noble III, Attorney for Plaintiff |
|---|---|

## INSTRUCTIONS

JUDGMENT CREDITOR: Put an "X" in the box next to the questions to be answered on form JD-CV-23a attached hereto.
PERSON SERVED WITH INTERROGATORIES: Answer the questions indicated by "X" on form JD-CV-23a attached hereto. You must disclose assets of the judgment debtor up to an amount clearly sufficient to satisfy the judgment indicated by the "Amount Due Thereon" above. Place answers in space provided on form. If you need more room to answer these questions, use the space on the reverse side of form JD-CV-23a or attach additional sheets.

## NOTICE

**Neither the interrogatories themselves, notice thereof nor objections thereto shall be filed with the court.**

The person served with these interrogatories must answer and return them within thirty days of the date of their service to the person named above.

If the person served with these interrogatories fails, within thirty days, to return a sufficient answer or disclose sufficient assets for execution, or on objection by that person to the interrogatories, the judgment creditor may move the court for such supplemental discovery orders as may be necessary to ensure disclosure including (1) an order for compliance with the interrogatories or (2) an order authorizing additional interrogatories. The judgment creditor may obtain discovery, including the taking of depositions, from any person served with interrogatories in accordance with procedures for discovery in civil actions without further order of the court. The court may order such additional discovery as justice requires. Failure to comply with a discovery order may subject the person served to being held in contempt of court. Attorney's fees may be allowed for counsel at a contempt hearing necessary to enforce such a court order and for counsel at any discovery hearing required because of the failure to answer these interrogatories.

## NOTICE OF RIGHTS TO PERSON SERVED

1. Pursuant to Gen. Stat. § 52-351b, you must reveal information concerning the amount, nature and location of the judgment debtor's assets up to an amount clearly sufficient in value to ensure full satisfaction of the judgment with interests and costs.

2. Pursuant to subsection (d) of Gen. Stat. § 52-351b, any party from whom discovery is sought may apply to the court for protection from annoyance, embarrassment, oppression or undue burden or expense.

3. Certain personal property is exempt from execution. The following list is a description of common classes of property exempt from execution from a judgment debtor who is a natural person. (Gen. Stat. § 52-352b).
   (a) Necessary apparel, bedding, foodstuffs, household furniture and appliances;
   (b) Tools, books, instruments, farm animals and livestock feed which are necessary to the judgment debtor in the course of his or her occupation, or profession, farming operation or farming partnership;
   (c) Public assistance payments and any wages earned by a public assistance recipient under an incentive earnings or similar program;
   (d) Health and disability insurance payments;
   (e) Health aids necessary to enable the judgment debtor to work or to sustain health;
   (f) Worker's compensation, social security, veterans and unemployment benefits;
   (g) Court approved payments for child support;

(Continued on page 2)

(h) Arms and military equipment, uniforms or musical instruments owned by any member of the militia or armed forces of the United States;
(i) One motor vehicle to the value of one thousand five hundred dollars, provided such value shall be determined as the fair market value of the motor vehicle less the amount of all liens and security interests which encumber it;
(j) Wedding and engagement rings;
(k) Residential utility deposits for one residence and one residential security deposit;
(l) Any assets or interests of a judgment debtor in, or payments received by the judgment debtor from, a plan or arrangement described in Gen. Stat. § 52-321a;
(m) Alimony and support, other than child support, but only to the extent that wages are exempt from execution under Gen. Stat. § 52-361a;
(n) An award under a crime reparations act;
(o) All benefits allowed by any association of persons in this state towards the support of any of its members incapacitated by sickness or infirmity from attending to his usual business;
(p) All moneys due the judgment debtor from any insurance company on any insurance policy issued on exempt property, to the same extent that the property was exempt;
(q) Burial plot for the judgment debtor and his or her immediate family;
(r) Irrevocable transfers of money to an account held by a bona fide nonprofit debt adjuster licensed pursuant to chapter 655 of the general statutes for the benefit of creditors of the judgment debtor;
(s) Any interest of the judgment debtor in any property not to exceed in value one thousand dollars;
(t) Any interest of the judgment debtor not to exceed in value four thousand dollars in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the judgment debtor under which the insured is the judgment debtor or an individual of whom the judgment debtor is a dependent; and
(u) The homestead of the judgment debtor to the value of seventy-five thousand dollars, or, in the case of a money judgment arising out of services provided at a hospital, to the value of one hundred twenty-five thousand dollars, provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it.

JD-CV-23 Rev 4-05 (Page 2 of 2)

## INSTRUCTIONS

**JUDGMENT CREDITOR:** Complete Name of Case and Docket No., put an "X" in the box next to the items to be answered.
**PERSON SERVED WITH INTERROGATORIES:** Answer the questions indicated by [X]. You must disclose assets of the judgment debtor up to an amount clearly sufficient to satisfy the judgment indicated by the "Amount Due Thereon" on the attached form JD-CV-23. Place answers in space provided on this form. If you need more room to answer these questions, use the space on page 2 of attached form JD-CV-23 or attach additional sheets. You must answer the questions and return them to the person named on attached form JD-CV-23 within thirty days of the date of service.

| NAME OF CASE | DOCKET NO. |
|---|---|
| Duane Ziemba v. Sebastian Mangiafico, et al. | 3:98 CV2344 (JCH) |

### I. JUDGMENT DEBTOR

[X] STATE YOUR NAME, ADDRESS, AND TELEPHONE NO.
Sebastian Mangiafico, 20 Stoney Lane, Stafford Springs, CT 06076/860-684-0349

[X] Are you presently employed?   [ ] NO   [X] YES (If yes, complete the information below)

NAME, ADDRESS, AND TELEPHONE NO. OF YOUR EMPLOYER
Windsor Board of Education, 601 Matianuck Avenue, Windsor, CT 06095-3540

YOUR JOB TITLE OR POSITION
Special Ed Para Professional

NAME, ADDRESS OF EACH BOOKKEEPER, PAYROLL CLERK OR OTHER PERSON HAVING RECORDS OF SALARIES OR OTHER SUMS OF MONEY PAID TO YOU BY YOUR PRESENT EMPLOYER
Windsor Board of Education, 601 Matianuck Ave., Windsor, CT 06095-3540

IF YOU RECEIVE ADDITIONAL COMPENSATION FOR OVERTIME, STATE (1) RATE OF OVERTIME PAY AND (2) THE AVERAGE NO. OF HOURS OF OVERTIME YOU WORK PER WEEK
n/a

STATE THE DATE ON WHICH YOU ARE PAID FOR BOTH REGULAR AND OVERTIME WORK
Friday - biweekly

[X] Are you receiving any income from any source not disclosed in your answers to the foregoing questions?   [ ] NO   [X] YES (If yes, complete the information below)

| STATE THE SOURCE(S) OF SUCH INCOME | AMOUNT RECEIVED EACH WEEK |
|---|---|
| State of Connecticut | 685.00 |

IF THERE ARE ANY PAYMENTS DUE FROM THE ABOVE SOURCE STATE (1) THE AMOUNT DUE AND (2) NAME AND ADDRESS OF PARTY FROM WHOM IT IS DUE

[X] List all banks, savings and loan associations, credit unions or other financial institutions in which you maintain an account of any kind, giving in your answer the following: (You need only disclose assets clearly sufficient to ensure full satisfaction of the judgment with interest and costs.)   None sufficient to satisfy judgment.

| NAME AND ADDRESS OF INSTITUTION | NAME AND ADDRESS OF INSTITUTION |
|---|---|
| Stafford Savings Bank | Stafford Savings Bank |
| NAME IN WHICH ACCOUNT IS HELD | NAME IN WHICH ACCOUNT IS HELD |
| Sebastian Mangiafico | Sebastian Mangiafico |
| ACCOUNT NO. 03011050 | PRESENT BALANCE ($) Unknown | ACCOUNT NO. TBP | PRESENT BALANCE ($) TBP |
| IF JOINT ACCOUNT GIVE NAME AND ADDRESS OF OTHER PERSON(S) Checking acct | IF JOINT ACCOUNT GIVE NAME AND ADDRESS OF OTHER PERSON(S) Savings Acct |

[X] List all nonexempt personal property in which you have an interest, whether legal or beneficial, which in total value is clearly sufficient to ensure full satisfaction of the judgment with interest and costs, including but not limited to (a) cash on hand, (b) household goods and supplies and furnishings, (c) stamp and/or coin collections and other collections, (d) wearing apparel, (e) jewelry, (f) watches, (g) automobiles, (h) trucks, (i) trailers or other motor vehicles, (j) boats, motors and accessories. As to each such item of property give the precise description and location, the approximate value of such property and whether or not such property is subject to any form of security interest, lien or encumbrance. If so, state the name and address of such holder of a security interest, lien or encumbrance, the nature of the instrument evidencing the same and the amount of the instrument. (If additional space is necessary, attach a separate sheet to this form.)

There is no non-exempt personal or real property.

[X] State whether any of your nonexempt personal property is in the hands of a third person. If so, describe the property involved, the person or persons so holding the property, the reason the property is so held and any consideration that may have passed therefor.

Not applicable.

JD-CV-23a (Page 1 of 2) Rev. 6-2000                                            www.jud.state.ct.us

[X] List all real estate in your name which in total value is clearly sufficient to ensure full satisfaction of the judgment with interest and costs *(where possible give street address).*

There is no non-exempt real estate.

[X] List your accounts receivable which in total value are clearly sufficient to ensure full satisfaction of the judgment with interest and costs giving a) the name of the party, b) the amount owed, and c) the date the debt was incurred. *(If additional space is needed, attach a separate sheet to this form.)*

There are no accounts receivable.

## II. EMPLOYER

[ ] Is the Judgment Debtor employed by you?   [ ] NO   [ ] YES *(If yes, complete the information below)*

| YOUR NAME, ADDRESS, AND TELEPHONE NO. | |
|---|---|
| EMPLOYEE'S NORMAL WORKING HOURS | EMPLOYEE'S GROSS SALARY PER HOUR, WEEK, MONTH, OR YEAR |
| THE DATES ON WHICH EMPLOYEE IS PAID FOR BOTH REGULAR AND OVERTIME WORK | |
| NAME, ADDRESS, AND TELEPHONE NO. OF THE BOOKKEEPER, PAYROLL CLERK OR OTHER PERSON WHO DISBURSES EMPLOYEE'S WAGES OR SALARY | |

## III. FINANCIAL INSTITUTION

[ ] Does the Judgment Debtor maintain an account of any kind with your institution?   [ ] NO   [ ] YES
*(If yes, complete the information below. You may disclose only whether you hold funds of the judgment debtor on account and the balance of such funds if so held, up to the amount necessary to satisfy the judgment.)*

| YOUR NAME, ADDRESS, AND TELEPHONE NO. | |
|---|---|
| NAME, ADDRESS, AND TELEPHONE NO. OF YOUR INSTITUTION | |
| ACCOUNT NO. OF EACH ACCOUNT | NAME IN WHICH THE ACCOUNT IS HELD |
| PRESENT BALANCE IN EACH ACCOUNT | |
| IF JOINT ACCOUNT, THE NAME AND ADDRESS OF THE OTHER PERSON(S) | |

## IV. THIRD PERSON IN POSSESSION OF JUDGMENT DEBTOR'S PROPERTY

[ ] Are you in possession of nonexempt personal property belonging to the judgment debtor?   [ ] NO   [ ] YES
*(If yes, complete the following information.)*

| YOUR NAME, ADDRESS, AND TELEPHONE NO |
|---|
| DESCRIBE THE PROPERTY, THE REASON YOU ARE HOLDING IT AND ANY CONSIDERATION THAT MAY HAVE PASSED FOR YOUR HOLDING THE PROPERTY |
| LOCATION OF THE PROPERTY |

## V. SIGNATURE OF PERSON COMPLETING THIS FORM OR AUTHORIZED AGENT

[X] NOTE: Interrogatories served on a judgment debtor shall be signed by such debtor under penalty of false statement.

| SIGNED *(Person completing form or authorized agent)* | PRINT NAME OF PERSON SIGNING AT LEFT | DATE SIGNED |
|---|---|---|
| [signature] | Sebastian Mangiafico | 4/1/08 |

JD-CV-23s (Page 2 of 2) Rev. 6-2000

**Copy 1 To Be Filed With Employee's State, City, or Local Income Tax Return** — 22222 — 2007 — OMB No. 1545-0008

| Box | Value |
|---|---|
| a Employee's soc. sec. no. | 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 |
| 1 Wages, tips, other comp. | 9041.12 |
| 2 Federal income tax withheld | 302.95 |
| b Employer ID number (EIN) | 06-6001688 |
| 3 Social security wages | 9041.12 |
| 4 Social security tax withheld | 560.54 |
| 5 Medicare wages and tips | 9041.12 |
| 6 Medicare tax withheld | 131.10 |

c Employer's name, address, and ZIP code:
WINDSOR BOARD OF EDUCATION
601 MATIANUCK AVENUE
WINDSOR, CT 06095-3540

d Control number: WHS

e Employee's name, address, and ZIP code:
SEBASTIAN MANGIAFICO
20 STONY LANE
STAFFORD SPRINGS, CT 06076

| Box | Value |
|---|---|
| 14 Other | TOWN PENSION 203.44 |
| 15 State | CT |
| Employer's state ID number | 0525105000 |
| 16 State wages, tips, etc. | 9041.12 |
| 17 State income tax | 174.04 |

Form W-2 Wage and Tax Statement — Dept. of the Treasury -- IRS

---

**Copy C For EMPLOYEE'S RECORDS (See Notice to Employee on back of Copy B.)** — 22222 — 2007 — OMB No. 1545-0008

| Box | Value |
|---|---|
| a Employee's soc. sec. no. | 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 |
| 1 Wages, tips, other comp. | 9041.12 |
| 2 Federal income tax withheld | 302.95 |
| b Employer ID number (EIN) | 06-6001688 |
| 3 Social security wages | 9041.12 |
| 4 Social security tax withheld | 560.54 |
| 5 Medicare wages and tips | 9041.12 |
| 6 Medicare tax withheld | 131.10 |

c Employer's name, address, and ZIP code:
WINDSOR BOARD OF EDUCATION
601 MATIANUCK AVENUE
WINDSOR, CT 06095-3540

d Control number: WHS

e Employee's name, address, and ZIP code:
SEBASTIAN MANGIAFICO
20 STONY LANE
STAFFORD SPRINGS, CT 06076

B6A (Official Form 6A) (12/07)

In re   Sebastian Mangiafico                                                                                      Case No. _____
                        Debtor

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 20 Stony Lane Stafford Springs, CT 06076. Value 50% of the equity of home is equal to $25777.91 | Joint tenant | J | 130,000.00 | 208,444.91 |

|  |  |  |
|---|---|---|
| Sub-Total > | 130,000.00 | (Total of this page) |
| Total > | 130,000.00 |  |

__0__ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re   Sebastian Mangiafico                                          Case No. _____
                          Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Stafford Savings Bank | - | 450.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Couch 600.00<br>Table 500.00<br>T.V. 900.00<br>2 Beds 620.00<br>Dressers 1000.00<br>Loveseat 400.00 | - | 4,020.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Misc. Clothing 1000.00 | - | 1,000.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | | .357 Smith and Wesson | - | 250.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | | American Funds | - | 1,019.12 |

                                                                    Sub-Total >     6,739.12
                                                                 (Total of this page)

__2__ continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re **Sebastian Mangiafico**,  Case No. _____
             Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | State of Connecticut Defined Contribution Plan McDougal Walker Account 457 Plann xxx6668xx Connecticut Employee Retirement Account $119,342. | H | Unknown |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >   0.00
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037   Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    Sebastian Mangiafico                              Case No. _____
                         Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2003 Dodge Dakota Pickup | - | 9,000.00 |
| 26. Boats, motors, and accessories. | | 1960 Harley Davidson Motorcycle | - | 500.00 |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > | 9,500.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 16,239.12 |

Sheet  2  of  2  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                Best Case Bankruptcy

B6C (Official Form 6C) (12/07)

In re  Sebastian Manglafico
　　　　　　　　　　　Debtor

Case No. _____

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $136,875.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| 20 Stony Lane Stafford Springs, CT 06076. Value 50% of the equity of home is equal to $25777.91 | Conn. Gen. Stat. § 52-352b(t) | 75,000.00 | 260,000.00 |
| **Household Goods and Furnishings** | | | |
| Couch 600.00<br>Table 500.00<br>T.V. 900.00<br>2 Beds 620.00<br>Dressers 1000.00<br>Loveseat 400.00 | Conn. Gen. Stat. § 52-352b(a) | 4,020.00 | 4,020.00 |
| **Wearing Apparel** | | | |
| Misc. Clothing 1000.00 | Conn. Gen. Stat. § 52-352b(a) | 1,000.00 | 1,000.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| .357 Smith and Wesson | Conn. Gen. Stat. § 52-352b(i) | 250.00 | 250.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| State of Connecticut Defined Contribution Plan<br>McDougal Walker Account 457 Plann xxx6668xx<br>Connecticut Employee Retirement Account $119,342. | Conn. Gen. Stat. §§ 5-192w, 5-171<br>Conn. Gen. Stat. §§ 52-352b(m), 52-321(a) | 100%<br>100% | Unknown |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 2003 Dodge Dakota Pickup | Conn. Gen. Stat. § 52-352b(j) | 0.00 | 9,000.00 |
| **Boats, Motors and Accessories** | | | |
| 1960 Harley Davidson Motorcycle | Conn. Gen. Stat. § 52-352b(j) | 500.00 | 500.00 |
| | Total: | 80,770.00 | 274,770.00 |

__0__ continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re  Sebastian Mangiafico
_____,
                      Debtor

Case No. _____

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. Chase Manhattan Mortgage Corp. | | J | Mortgage<br>20 Stony Lane<br>Stafford Springs, CT 06076. Value 50% of the equity of home is equal to $25777.91<br>Value $ 260,000.00 | | | | 133,444.91 | 0.00 |
| Account No. Citibank | | J | 20 Stony Lane<br>Stafford Springs, CT 06076. Value 50% of the equity of home is equal to $25777.91<br>Value $ 260,000.00 | | | | 75,000.00 | 0.00 |
| Account No. Enfield Federal Credit Union | - | | 2003 Dodge Dakota Pickup<br>Value $ 9,000.00 | | | | 9,400.00 | 400.00 |
| Account No. | | | Value $ | | | | | |

__0__ continuation sheets attached

| | Subtotal (Total of this page) | 217,844.91 | 400.00 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 217,844.91 | 400.00 |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re **Sebastian Mangiafico**
_____ Case No. _____
Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Married | RELATIONSHIP(S): Son, Son | AGE(S): 2, 3 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Special Ed Para Professional | |
| Name of Employer | Windsor Board of Education | |
| How long employed | 5 months | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 1,285.40 | $ N/A |
| 2. Estimate monthly overtime | $ 0.00 | $ N/A |
| 3. SUBTOTAL | $ 1,285.40 | $ N/A |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ 121.79 | $ N/A |
|    b. Insurance | $ 0.00 | $ N/A |
|    c. Union dues | $ 32.50 | $ N/A |
|    d. Other (Specify): Town Pension | $ 34.71 | $ N/A |
|                      BL 10K 20X | $ 0.33 | $ N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 189.33 | $ N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 1,096.07 | $ N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ N/A |
| 8. Income from real property | $ 0.00 | $ N/A |
| 9. Interest and dividends | $ 0.00 | $ N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ N/A |
| 11. Social security or government assistance (Specify): _____ | $ 0.00 | $ N/A |
|                                         _____ | $ 0.00 | $ N/A |
| 12. Pension or retirement income | $ 3,100.00 | $ N/A |
| 13. Other monthly income (Specify): Football coaching ($3,029.00 year) | $ 253.00 | $ N/A |
|                      _____ | $ 0.00 | $ N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 3,353.00 | $ N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 4,449.07 | $ N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 4,449.07 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re  **Sebastian Manglaflco**                                        Case No. _____
                          Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 1,650.00 |
| a. Are real estate taxes included?  Yes _X_  No ___ | |
| b. Is property insurance included?  Yes _X_  No ___ | |
| 2. Utilities: a. Electricity and heating fuel | $ 500.00 |
| b. Water and sewer | $ 0.00 |
| c. Telephone | $ 50.00 |
| d. Other  See Detailed Expense Attachment | $ 100.00 |
| 3. Home maintenance (repairs and upkeep) | $ 200.00 |
| 4. Food | $ 800.00 |
| 5. Clothing | $ 160.00 |
| 6. Laundry and dry cleaning | $ 25.00 |
| 7. Medical and dental expenses | $ 30.00 |
| 8. Transportation (not including car payments) | $ 450.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 100.00 |
| 10. Charitable contributions | $ 80.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
| a. Homeowner's or renter's | $ 0.00 |
| b. Life | $ 106.00 |
| c. Health | $ 0.00 |
| d. Auto | $ 83.00 |
| e. Other | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify) **Automobile** | $ 600.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
| a. Auto | $ 300.00 |
| b. Other | $ 0.00 |
| c. Other | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other  **Student Loan** | $ 50.00 |
| Other | $ 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 5,284.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $ 4,449.07 |
| b. Average monthly expenses from Line 18 above | $ 5,284.00 |
| c. Monthly net income (a. minus b.) | $ -834.93 |

B6J (Official Form 6J) (12/07)

In re __Sebastian Manglafico_____  Case No. _____
                                    Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

Other Utility Expenditures:

| | |
|---|---|
| Cable | $ 50.00 |
| Cell Phone | $ 50.00 |
| Total Other Utility Expenditures | $ 100.00 |